**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Lallitra Lynette COPPEDGE, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 24, 2009.

Filed Nov. 24, 2009.

Raymond P. Rockwell, Public Defender, Chambersburg, for appellant.

Lauren E. Sulcove, Chambersburg, for appellee.

BEFORE: FORD ELLIOTT, P.J., KLEIN, J. and McEWEN, P.J.E.

OPINION BY KLEIN, J.:

¶ 1 Lallitra Lynette Coppedge scalded her then-three-year-old daughter in hot bath water, causing the child to suffer second- and third-degree burns. A jury convicted Coppedge of simple assault, 18 Pa.C.S.A. § 2701(a)(1), and endangering the welfare of children, 18 Pa.C.S.A. § 4304(a)(1). She was sentenced to 12 to 36 months' incarceration for simple assault and a consecutive 6 to 36 months' incarceration for child endangerment.[1] On appeal, Coppedge asserts that her sentence is illegal because simple assault should have merged with child endangerment for sentencing purposes. Because the legislature

---

1. Because the victim was under age 12 and Coppedge was over age 21 at the time of the incident, both offenses are graded as first-degree misdemeanors. *See* 18 Pa.C.S.A. §§ 2701(b)(2), 4304(b).

has adopted a strict, technical merger test rather than a test that considers the facts of the individual case, we are compelled to find that these two offenses do not merge. Therefore, we affirm.

¶ 2 The merger statute, which was enacted in December 2002 and became effective in February 2003, provides:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense.

42 Pa.C.S.A. § 9765. Here, it is undisputed that Coppedge's crimes arose from the same criminal act. The only question is whether the elements of one offense are subsumed within the elements of the other offense.

¶ 3 The two crimes are defined as follows:

**Endangering Welfare of Children:** A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violation of a duty of care, protection or support. 18 Pa.C.S.A. § 4304(a)(1).

**Simple Assault:** A person is guilty of assault if he: ... attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another. 18 Pa. C.S.A. § 2701(a)(1).

¶ 4 In this particular case, there was no way Coppedge could commit simple assault without also committing child endangerment. However, because there *are* ways one could commit simple assault without committing child endangerment and vice-versa, the elements of the two crimes are different, and under the legislative man-

date of section 9765, the two crimes do not merge.

¶ 5 An example may help illustrate this point. If a parent decides to smoke crack with his or her ten-year-old child, he or she is guilty of endangering the welfare of a child by violating a duty of care. However, he or she is *not* guilty of simple assault since he or she neither *intended* to cause bodily injury nor *caused* bodily injury to the child. Conversely, if a person goes to a playground and recklessly swings a baseball bat and hits a child he or she does not know, causing bodily injury, he or she is guilty of simple assault, but since he or she is not a parent or guardian supervising the child, he or she has not committed the crime of endangering the welfare of a child.

¶ 6 The interests the legislature sought to protect are also different for the two crimes, and they appear in different sections of the Crimes Code. The simple assault statute protects people from a person who attempts to cause or knowingly or recklessly causes bodily injury. The child endangerment statute imposes a duty on parents and other caretakers to not risk any kind of harm, not just bodily injury, to a minor child in his or her care. *See Commonwealth v. Martir,* 712 A.2d 327, 330 (Pa.Super.1998) (crimes of recklessly endangering another person and endangering welfare of children protect distinct societal interests and appear in different sections of Crimes Code, providing further indicia that they do not merge) (Beck, J., concurring).

¶ 7 As noted, in this particular case as charged, the elements may be the same. It is impossible to place one's own child in scalding hot bath water, either intentionally or recklessly causing bodily injury, without knowingly violating a duty of care by not checking the water before placing the child in the tub. That is irrelevant to the

analysis, however, because *in general* the elements of the two crimes have differences and the legislature sought to protect distinct interests in each statute.

¶ 8 In 2006, our Supreme Court attempted to clarify the law of merger in *Commonwealth v. Jones*, 590 Pa. 356, 912 A.2d 815 (2006). However, *Jones* was a plurality decision that generated two different approaches to a merger analysis: a "lead opinion" approach, authored by Justice Castille, and a "dissenting opinion" approach, authored by Justice Newman. The lead opinion approach requires an evaluation of the statutory elements of each crime with an eye to the specific facts of the case. The dissenting approach utilizes a stricter, statutory elements test. Neither approach garnered the support of more than half of the justices. Therefore, there is no *holding* in *Jones* upon which this Court can rely.

¶ 9 A concurring opinion by Justice Saylor states the law well. Justice Saylor stated:

> I have no objection to the majority's approach to sentencing merger in the absence of a specific expression of legislative intent; indeed, consistent with such approach, I believe that it is sensible to treat criminal trespass as a lesser-included offense of burglary. However, I agree with Madame Justice Newman that the Legislature has now evinced an intent in Section 9765 of the Judicial Code, 42 Pa.C.S. § 9765, to require a pure statutory elements approach to sentencing merger.

*Jones*, 912 A.2d at 825.

¶ 10 While the strict, elements-based test may not be the most sensible approach, the language of the legislature is clear. The only way two crimes merge for sentencing is if *all* elements of the lesser offense are included within the greater offense. *See* 42 Pa.C.S.A. § 9765.

¶ 11 The legislature has thus rejected the prior common law approach to merger espoused in *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994), in which the Pennsylvania Supreme Court noted that " 'any merger analysis must proceed on the basis of [the] facts' of a case because some portions of a statute may be relevant to the analysis, while others will be immaterial." *Jones*, 912 A.2d at 819 (quoting *Anderson*, 650 A.2d at 24 n. 3).[2] Whether or not the *facts* of this case comprise both crimes, if the crimes themselves *can* result in committing one without committing the other, the elements *in general* are different, and the legislature has said merger cannot apply. The analyses by cases arising before the effective date of 42 Pa.C.S.A. § 9765 are therefore not instructive here.

¶ 12 *Commonwealth v. Williams*, 920 A.2d 887 (Pa.Super.2007), is a post-merger statute case that applied the elements-based test. There, this Court held that the crime of persons not to possess firearms did not merge with carrying a firearm without a license, since it is possible to have been convicted of one of the enumerated crimes and still obtain a license. *Id.* at 890–91. Since *Williams*, this Court has utilized a similar elements-based test to determine whether crimes merge for sentencing purposes. *See, e.g., Commonwealth v. Williams*, 2009 PA Super 176, 980 A.2d 667; *Commonwealth v. Baker*, 963 A.2d 495 (Pa.Super.2008); *Commonwealth v. Springer*, 961 A.2d 1262 (Pa.Super.2008); *Commonwealth v. Martz*, 926

**2.** *Cf. Commonwealth v. Gatling*, 570 Pa. 34, 807 A.2d 890 (2002) (plurality); *Commonwealth v. Collins*, 564 Pa. 144, 764 A.2d 1056 (2001); *Commonwealth v. Comer*, 552 Pa. 527, 716 A.2d 593 (1998).

A.2d 514 (Pa.Super.2007), *app. denied,* 596 Pa. 704, 940 A.2d 363 (2008).

¶ 13 It is not up to us to decide whether it is the better view to find no merger and allow consecutive sentences when the same facts necessarily support a conviction for two different offenses. As this Court has noted:

> "Unless our Supreme Court or an *en banc* panel of this Court overrules [*Commonwealth v. Williams,* 920 A.2d 887 (Pa.Super.2007) ], we are bound by that panel's adoption of the strict [elements-based] approach."

*Baker,* 963 A.2d at 509 (citation omitted). The legislature has determined that even if there is only a single criminal act, unless "all of the statutory elements of one offense are included in the statutory elements of the other offense," 42 Pa.C.S.A. § 9765, there is no merger. Therefore, we have no choice but to affirm.

¶ 14 Judgment of sentence affirmed.