J-S14012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE LUIS FLORES-MEDINA | : | |
| | : | |
| Appellant | : | No. 1091 MDA 2016 |

Appeal from the Judgment of Sentence June 6, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0003446-2015

BEFORE:   GANTMAN, P.J., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED MARCH 28, 2017**

Appellant, Jose Luis Flores-Medina, appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas, following his jury trial convictions for rape, unlawful contact with a minor, and corruption of minors.[1]  We affirm Appellant's convictions but vacate and remand for resentencing on all counts.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises two issues for our review:

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1); 6318(a)(1); 6301(a)(1)(ii), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

WAS THE EVIDENCE PRESENTED BY THE COMMONWEALTH INSUFFICIENT TO PROVE BEYOND A REASONABLE DOUBT THAT [APPELLANT] COMMITTED THE OFFENSE OF UNLAWFUL CONTACT WITH A MINOR, WHERE THE EVIDENCE DID NOT ESTABLISH THAT [APPELLANT] WAS INTENTIONALLY IN CONTACT WITH [VICTIM] FOR THE PURPOSE OF ENGAGING IN AN ACTIVITY PROHIBITED UNDER CHAPTER 31?

WERE THE EVIDENCE PRESENTED BY THE COMMONWEALTH AND THE TRIAL COURT'S CHARGE TO THE JURY INSUFFICIENT TO SUSTAIN [APPELLANT'S] CONVICTION OF CORRUPTION OF MINORS, GRADED AS A THIRD DEGREE FELONY, WHERE THERE WAS NO EVIDENCE [APPELLANT] CORRUPTED THE MORALS OF A MINOR BY ANY COURSE IN VIOLATION OF CHAPTER 31, AND THE JURY WAS NOT INSTRUCTED THAT IT MUST FIND THE "COURSE OF CONDUCT" ELEMENT NECESSARY TO SUSTAIN THE CONVICTION AS A THIRD DEGREE FELONY?

(Appellant's Brief at 5).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Donald R. Totaro, we conclude Appellant's first issue merits no relief. As to Appellant's second issue, we agree with Appellant that relief is due. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed August 30, 2016, at 2-9) (finding: **(1)** Victim testified that on April 11, 2015, she was sleeping at her aunt's house on air mattress in bedroom occupied by Appellant and Victim's aunt; Appellant placed his hand over Victim's mouth and inserted his penis inside her vagina; on following morning, Victim reported incident to her mother and grandmother; Victim went to hospital for medical examination; Victim

- 2 -

reported incident to nurse examiner during examination; examination of Victim revealed tenderness and injuries, laceration of skin at bottom of vagina, and abrasion between Victim's vaginal wall and hymen, indicating forceful intercourse; Victim made similar report of incident to program supervisor at Lancaster County Children's Alliance; Appellant provided buccal swab to police, which was later sent for DNA analysis; sperm found on Victim from sample collected at hospital matched Appellant's DNA; Victim was 17 years old at time of incident, and Appellant was 38 years old; testimony established that Appellant put his hand over Victim's mouth to prevent her from speaking while he committed rape; from this evidence, jury could reasonably infer Appellant engaged in type of contact and communication, either verbal or physical, necessary to sustain Appellant's conviction for unlawful contact with minor; **(2)** Appellant assaulted Victim on one occasion; corruption of minors statute at 18 Pa.C.S.A. § 6301(a)(1)(ii) requires "course of conduct" of sexual offenses which corrupts or tends to corrupt morals of minor; evidence was insufficient to sustain corruption of minors conviction graded as third-degree felony; but, evidence was sufficient to support conviction for corruption of minors graded as first-degree misdemeanor under Section 6301(a)(1)(i).[2] Nevertheless, for the following reasons, we disagree with the trial court to the extent it states resentencing

---

[2] The Commonwealth agrees the evidence was insufficient to sustain a conviction for corruption of minors graded as a third-degree felony.

- 3 -

is unnecessary because the corruption of minors' conviction merged with the rape by forcible compulsion conviction for sentencing purposes.

Whether crimes merge for sentencing purposes implicates the legality of the sentence, which this Court can raise *sua sponte*. **Commonwealth v. Tanner**, 61 A.3d 1043, 1046 (Pa.Super. 2013). Therefore, our standard of review is *de novo* and our scope of review is plenary. **Id.** Merger of sentences is governed generally by Section 9765 of the Sentencing Code, which provides:

### § 9765. Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. "[T]he language of the legislature is clear. The only way two crimes merge for sentencing is if **all** elements of the lesser offense are included within the greater offense." **Commonwealth v. Coppedge**, 984 A.2d 562, 564 (Pa.Super. 2009) (stating cases decided before effective date of Section 9765 are not instructive in merger analysis; relevant question in merger analysis now is whether person can commit one crime without also committing other crime, regardless of whether facts of particular case comprise both crimes; if elements of crimes differ, *i.e.*, if one offense can be committed without committing other offense, crimes do not merge under legislative mandate of Section 9765) (emphasis in original).

- 4 -

The Crimes Code defines the offenses of rape and corruption of minors, in relevant part, as follows:

**§ 3121. Rape**

**(a)    Offense defined.—**A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant:

(1)    By forcible compulsion.

*    *    *

18 Pa.C.S.A. § 3121(a)(1).

**§ 6301.  Corruption of minors**

**(a)    Offense defined.—**

(1)(i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

(ii)    Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

*    *    *

18 Pa.C.S.A. § 6301(a)(1)(i), (ii).

Instantly, the court merged for sentencing purposes Appellant's conviction for corruption of minors graded as a third-degree felony with his

rape by forcible compulsion conviction graded as a first-degree felony. A conviction for rape by forcible compulsion requires a person to engage in sexual intercourse with a complainant by forcible compulsion. **See** 18 Pa.C.S.A. § 3121(a)(1). A conviction for corruption of minors as a third-degree felony requires a person of **18 years and upwards** to corrupt or tend to corrupt the morals of any **minor less than 18 years of age** by any **course of conduct** in violation of Chapter 31 (relating to sexual offenses) or aid, abet, entice or encourage a **minor** in the commission of an offense under Chapter 31. **See** 18 Pa.C.S.A. § 6301(a)(1)(ii). The plain language of the respective statutes demonstrates sentencing merger of these crimes is inappropriate, where corruption of minors under this subsection has both an age as well as a "course of conduct" requirement; rape does not. Therefore, all of the statutory elements of corruption of minors under Section 6301(a)(1)(ii) are not included in the statutory elements of rape by forcible compulsion. **See** 42 Pa.C.S.A. § 9765. In other words, a person can commit rape by forcible compulsion without also committing corruption of minors under Section 6301(a)(1)(ii) and *vice versa*. **See Coppedge, supra**. Thus, the court erred when it merged the corruption of minors' conviction graded as a third-degree felony with Appellant's conviction for rape by forcible compulsion.

A conviction for corruption of minors as a first-degree misdemeanor requires a person of **18 years and upwards**, by any act, to corrupt or tend

to corrupt the morals of any **minor less than 18 years of age**; or aid, abet, entice or encourage a **minor** in the commission of any crime; or knowingly assist or encourage a **minor less than 18 years of age** in violating his or her parole or any order of court. *See* 18 Pa.C.S.A. § 6301(a)(1)(i). Corruption of minors under this subsection has an age requirement; rape does not. Therefore, all of the statutory elements of corruption of minors under Section 6301(a)(1)(i) are not included in the statutory elements of rape by forcible compulsion. *See* 42 Pa.C.S.A. § 9765. The fact that the rape conviction in this case involved a victim of less than 18 years of age is irrelevant to the merger analysis because, in general, a person can commit rape by forcible compulsion without also committing corruption of minors under Section 6301(a)(1)(i), and *vice versa*. *See Coppedge, supra*. Thus, Appellant's corruption of minors' conviction, even when graded as a first-degree misdemeanor, similarly will not merge with Appellant's conviction for rape by forcible compulsion.

Based on the foregoing, we vacate the entire judgment of sentence and remand for resentencing on all counts. *See Commonwealth v. Hicks*, 151 A.3d 216 (Pa.Super. 2016) (explaining where trial court errs in its sentence in multi-count case, we will vacate entire sentence to allow trial court to re-structure its sentencing plan). Upon remand, the court must regrade Appellant's conviction for corruption of minors as a first-degree misdemeanor, because the Commonwealth did not prove the "course of

conduct" required to grade the offense as a third-degree felony. Further, when properly graded as a first-degree misdemeanor, Appellant's corruption of minors' conviction shall not merge for resentencing purposes with his conviction for rape by forcible compulsion. Accordingly, we affirm Appellant's convictions but vacate the judgment of sentence and remand for resentencing on all counts.

Judgment of sentence vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017