J-S02020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENTLIN E. HOPKINS | : | |
| | : | |
| Appellant | : | No. 455 MDA 2019 |

Appeal from the Judgment of Sentence Entered February 15, 2019
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0000420-2015

BEFORE:  BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                **FILED: FEBRUARY 7, 2020**

Appellant, Kentlin E. Hopkins, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following revocation of his probation.  For the following reasons, we vacate the probation revocation sentence and remand with instructions.

In its opinion, the trial court set forth the relevant facts and procedural history of this appeal as follows:

> This matter stems from an incident occurring on November 15, 2014, during which [Appellant] exposed his genitals to a Luzerne County Adult Probation Department employee.[1] On March 25, 2015, the Luzerne County District Attorney filed a three (3) count criminal information against [Appellant], charging him with indecent exposure, graded as a misdemeanor of the second degree (Count 1),[2] open lewdness, graded as a misdemeanor of the third degree (Count 2),[3] and disorderly conduct, graded as a misdemeanor of the third degree (Count 3).[4]
>
> [1]  According to the affidavit of probable cause

contained in the criminal complaint, while under the supervision of the Luzerne County Adult Probation Department, [Appellant] approached and spoke to a department employee, and then exposed his erect penis [to] her.

[2] 18 Pa.C.S.A. § 3127(a).

[3] 18 Pa.C.S.A. § 5901.

[4] 18 Pa.C.S.A. § 5503(a)(3).

On June 15, 2015, [Appellant] signed a written plea agreement with the Commonwealth and appeared before [the c]ourt with his counsel to formally enter [an open] guilty plea to each of the three counts. The written plea agreement clearly stated that the disorderly conduct charge was being graded as a misdemeanor of the third degree. At the guilty plea hearing, the Commonwealth verbally reiterated the grading on each of the charges, and stated their applicable maximum sentences, including a maximum sentence of one-year incarceration for the disorderly conduct charge. Following a thorough colloquy of [Appellant], the court accepted his guilty plea to all three charges and scheduled sentencing for a separate date. A presentence investigation (PSI) was ordered to be completed by the Luzerne County Adult Probation and Parole Department prior to sentencing.

On August 14, 2015, [Appellant] appeared before the court for imposition of sentence. At the sentencing hearing, [Appellant] and his counsel spoke on [Appellant's] behalf, referencing [Appellant's] underlying mental health problems leading to his behavior, and expressing [Appellant's] remorse and desire to take steps to avoid similar crimes in the future. In turn, the Commonwealth referenced [Appellant's] lengthy criminal history, as outlined in the PSI, and the victim impact statement provided to the court. Specifically, with regard to the victim impact statement, the Commonwealth emphasized the victim's ongoing anxiety and fear, which are exacerbated by the fact that the victim continues to work at the location where the crimes occurred, and that [Appellant] knows her identity and her work location. For these reasons, the Commonwealth requested

that the court impose a sentence in the high end of the applicable standard range, to run consecutive to the sentence imposed with regard to an existing parole violation.

Upon a review of the PSI and the victim impact statement, and considering the testimony of [Appellant] and the presentations of counsel for both parties, [the c]ourt determined that standard range sentences were appropriate. [Appellant] was then sentenced to twelve (12) to twenty-four (24) months' imprisonment in a state correctional facility on Count 1, and twelve (12) months' probation each on Counts 2 and 3, to run consecutively to each other and to the sentence imposed on Count 1. Following the imposition of sentence, [Appellant] was advised of his post-sentence rights.

On August 19, 2015, [Appellant] filed a counseled post-sentence motion requesting the court to (1) "sentence him in the lower end of the standard range (6 months) due to [Appellant's] acceptance of responsibility for his actions," and (2) run the sentence imposed on Count 1 consecutively to a sentence imposed upon [Appellant] at Luzerne County Court of Common Pleas Case No. 551 of 2011. The post-sentence motion was denied on September 16, 2015. [Appellant] did not file an appeal of his judgment of sentence.

[Appellant] subsequently violated the probationary sentence imposed on Counts 2 and 3, and a revocation hearing was held on February 15, 2019.[5] At the hearing, [Appellant] admitted to the violation and was resentenced on Count 2 (Open Lewdness) to six (6) to twelve (12) months' incarceration, to run consecutively to any other sentence being served, and on Count 3, (Disorderly Conduct) to six (6) to twelve (12) months' incarceration, to run consecutively to the sentence imposed on Count 2. In resentencing [Appellant], the court indicated that the periods of incarceration imposed were necessary because [Appellant's] behavior indicated that he was not amenable to supervision. Additionally, the court indicated that during his incarceration, [Appellant] would be able to take advantage of mental health and drug and alcohol programs in order to rehabilitate himself.

- 3 -

[5] [Appellant] had again been charged with indecent exposure, open lewdness and disorderly conduct. [The record does not include a motion to revoke probation with an exact date for Appellant's violation. At the revocation hearing, however, Appellant's probation officer stated that Appellant "has been incarcerated on this new arrest since 9/14/2018." (N.T. Revocation Hearing, 2/15/19, at 3-4.)]

On February 25, 2019, [Appellant] filed a timely counseled post-sentence motion to modify his sentence, asserting that it was excessive and asking the court to either reduce the duration or order that it be served in the Luzerne County Correctional Facility instead of a State Correctional Facility. On March 14, 2019, [Appellant] filed a supplement to his post-sentence motion, asserting for the first time that the criminal information filed on March 25, 2015 improperly graded Count 3 (Disorderly Conduct) as a misdemeanor of the third degree, instead of a summary offense. The supplemental motion asked the court to vacate and/or modify the sentence imposed at Count 3 to no more than 90 days' incarceration.

The court denied the February 25, 2019 and March 14, 2019 motions, and [Appellant] has [timely] filed a counseled notice of appeal. As directed, [Appellant timely] filed a Pennsylvania Rule of Appellate Procedure 1925(b) statement of errors complained of on appeal, and the Commonwealth has filed a response thereto.

(Trial Court Opinion, filed July 22, 2019, at 1-4) (internal citations omitted).

Appellant raises two issues on appeal, which we have reordered for purposes of disposition:

DID THE TRIAL COURT ERR AND/OR ABUSE ITS DISCRETION IN FAILING TO GRANT RECONSIDERATION AND CORRECT THE GRADING OF COUNT 3, DISORDERLY CONDUCT, FROM A MISDEMEANOR OF THE THIRD DEGREE TO A SUMMARY OFFENSE AND AMEND AND IMPOSE A SENTENCE OF NO GREATER THAN 90 DAYS' INCARCERATION?

DID THE TRIAL COURT ERR WHEN IMPOSING A SENTENCE OF 6-12 MONTHS ON THE CHARGE OF OPEN LEWDNESS, WHICH SHOULD HAVE MERGED WITH THE ORIGINAL SENTENCE FOR THE OFFENSE OF INDECENT EXPOSURE?

(Appellant's Brief at 2).

In his first issue, Appellant argues the offense of disorderly conduct can be graded as a third-degree misdemeanor only if the Commonwealth establishes that the "the intent of the actor was 'to cause substantial harm or serious inconvenience, or [persist] in disorderly conduct after reasonable warning or request to desist.'" (*Id.* at 13) (quoting 18 Pa.C.S.A. § 5503(b)). Appellant contends the criminal complaint, criminal information, and factual basis for his guilty plea failed to establish that he possessed the requisite intent for a third-degree misdemeanor. Absent more, Appellant concludes the court should have changed the grading of the disorderly conduct charge to a summary offense, carrying a maximum term of ninety (90) days' imprisonment. We disagree.

"Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa.Super. 2017). "[T]he proper grading of an offense pertains to the legality of the sentence." *Commonwealth v. Aikens*, 139 A.3d 244, 245 (Pa.Super. 2016), *affirmed*, 641 Pa. 351, 168 A.3d 137 (2017).

> A challenge to the legality of a sentence…may be entertained as long as the reviewing court has jurisdiction. It is also well-established that if no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law. … Our standard of review over such questions is *de novo* and our scope of review is plenary.

*Commonwealth v. Wolfe*, 106 A.3d 800, 801-02 (Pa.Super. 2014) (internal citations and quotation marks omitted).

"A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he…uses obscene language, or makes an obscene gesture[.]" 18 Pa.C.S.A. § 5503(a)(3). An offense under Section 5503(a) "is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a summary offense." 18 Pa.C.S.A. § 5503(b).

Further, before accepting a plea, "the court must also determine whether there is a factual basis for the plea: *i.e.*, whether the facts acknowledged by the defendant constitute a prohibited offense." *Commonwealth v. Fluharty*, 632 A.2d 312, 314 (Pa.Super. 1993). "[T]he factual basis requirement does not mean that the defendant must admit every element of the crime." *Id.* at 315 (internal quotation marks omitted).

> A guilty plea is an acknowledgement by a defendant that he participated in the commission of certain acts with a criminal intent. He acknowledges the existence of the facts and the

- 6 -

intent. The facts that he acknowledges may or may not be within the powers of the Commonwealth to prove. However, **the plea of guilt admits that the facts and intent occurred**, and is a confession not only of what the Commonwealth might prove, but also as to what the defendant knows to have happened.

*Commonwealth v. Watson*, 835 A.2d 786, 796 (Pa.Super. 2003) (quoting *Commonwealth v. Anthony*, 504 Pa. 551, 558, 475 A.2d 1303, 1307 (1984)) (some emphasis omitted).

Instantly, the criminal complaint, criminal information, and written plea agreement each indicated that the Commonwealth was charging Appellant with the third-degree misdemeanor of disorderly conduct. At the plea hearing, the prosecutor reiterated that disorderly conduct was graded as "a misdemeanor of the third degree, maximum possible penalty, one year incarceration or a $2,500.00 fine." (N.T. Plea Hearing, 6/15/15, at 2.) Appellant affirmatively responded that he wished to plead guilty to this charge. The Commonwealth also provided the following factual basis to support Appellant's plea: "On November 10[th] of 2014, [Appellant] did enter the Luzerne County Probation Office and did expose his penis to the secretary…." (*Id.* at 4.) Again, Appellant affirmatively responded that he understood the factual basis.

Here, Appellant's guilty plea admitted both the facts and the intent necessary to support his conviction for the third-degree misdemeanor of disorderly conduct. *See Watson, supra* at 796. Under these circumstances, the trial court did not impose an illegal sentence. *See Wolfe, supra* at 802.

In his second issue, Appellant reiterates that the court originally imposed a term of imprisonment for indecent exposure, followed by a consecutive term of probation for open lewdness. Appellant insists, however, the two convictions arose from the same criminal act, and all of the statutory elements for open lewdness are included in the statutory elements for indecent exposure. Appellant argues the court should have merged the convictions and imposed a single sentence for indecent exposure. Appellant concludes the court's failure to merge the convictions resulted in an illegal sentence, and this Court must vacate the sentence for open lewdness imposed following the revocation of probation. We agree.

Whether crimes merge for sentencing purposes implicates the legality of the sentence.[1]  *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa.Super. 2013). Merger of sentences is governed generally by Section 9765 of the Sentencing Code, which provides:

### § 9765.  Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

---

[1] Although Appellant did not raise his merger claim in post-sentence motions or his Rule 1925(b) statement, we will address the merits of his issue. *See Wolfe, supra* at 801. *See also Commonwealth v. Martinez*, 438 A.2d 984, 985 (Pa.Super. 1981) (addressing defendant's legality of sentence claim on appeal following resentencing after probation revocation, even though defendant failed to raise same claim on direct appeal from original sentence).

42 Pa.C.S.A. § 9765. "[T]he language of the legislature is clear. The only way two crimes merge for sentencing is if **all** elements of the lesser offense are included within the greater offense." ***Commonwealth v. Coppedge***, 984 A.2d 562, 564 (Pa.Super. 2009) (stating cases decided before effective date of Section 9765 are not instructive in merger analysis; relevant question in merger analysis now is whether person can commit one crime without also committing other crime, regardless of whether facts of particular case comprise both crimes; if elements of crimes differ, *i.e.*, if one offense can be committed without committing other offense, crimes do not merge under legislative mandate of Section 9765) (emphasis in original).

Additionally, "[a] person commits indecent exposure if that person exposes his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm." 18 Pa.C.S.A. § 3127(a). The Crimes Codes also defines the offense of open lewdness as follows: "A person commits a misdemeanor of the third degree if he does any lewd act which he knows is likely to be observed by others who would be affronted or alarmed." 18 Pa.C.S.A. § 5901. ***See also Commonwealth v. Fenton***, 750 A.2d 863, 866 (Pa.Super. 2000) (stating "lewd" acts involve sexuality or nudity in public).

Instantly, following the entry of Appellant's guilty plea, the court imposed separate sentences for the indecent exposure and open lewdness

convictions. Both convictions, however, arose the single lewd act of Appellant exposing his genitals to a probation department employee. Moreover, Appellant could not have committed the crime of indecent exposure without also committing the crime of open lewdness. **See Coppedge, supra**. **See also** 18 Pa.C.S.A. § 3127(a); 18 Pa.C.S.A. § 5901. Thus, open lewdness in this case was a lesser included offense of indecent exposure, and the court should have merged these convictions for sentencing purposes. **See** 42 Pa.C.S.A. § 9765.

Here, the court erred when it sentenced Appellant separately on the conviction for open lewdness at the time of the original sentencing hearing, as well as when it resentenced Appellant for his open lewdness conviction following the probation revocation. **See Commonwealth v. Milhomme**, 35 A.3d 1219, 1222 (Pa.Super. 2011) (explaining that where court imposes illegal sentence and later finds defendant in violation of probation related to that sentence, new sentence imposed following revocation of probation is also illegal). Based upon the foregoing, we vacate the entire probation revocation sentence and remand for resentencing.[2] Accordingly, we affirm Appellant's convictions but vacate the judgment of sentence and remand for

_____

[2] **See Commonwealth v. Hicks**, 151 A.3d 216 (Pa.Super. 2016) (explaining where trial court errs in its sentence in multi-count case, we will vacate entire sentence to allow trial court to re-structure its sentencing plan).

resentencing.[3]

Judgment of sentence vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/07/2020

---

[3] Upon remand, the court must also consider whether Appellant was still serving his probationary sentence for disorderly conduct at the time of the purported probation violation. In the event Appellant had completed the sentence for disorderly conduct before the purported violation, resentencing would be unnecessary.