J-S25037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT LELLOCK | : | |
| | : | |
| Appellant | : | No. 658 WDA 2021 |

Appeal from the Judgment of Sentence Entered May 4, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0013778-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT LELLOCK | : | |
| | : | |
| Appellant | : | No. 660 WDA 2021 |

Appeal from the Judgment of Sentence Entered May 4, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0003936-2013

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                **FILED: NOVEMBER 29, 2022**

Appellant, Robert Lellock, appeals *pro se* from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his resentencing for multiple counts of endangering the welfare of children

("EWOC"), corruption of minors, and related offenses.[1] We affirm.

Appellant worked as a school police officer in Pittsburgh. During the course of his employment, he sexually abused multiple boys. The trial court opinion set forth the remaining procedural history of this appeal as follows:

> On July 29, 2013, a jury found [Appellant] guilty [of involuntary deviate sexual intercourse ("IDSI") and multiple counts of EWOC, corruption of minors, and indecent assault at two different docket numbers]. The [court] sentenced Appellant to an aggregate term of incarceration of 32-64 years and found him to be a sexually violent predator. Judgment of sentence was affirmed on appeal, but the Superior Court of Pennsylvania remanded the case for resentencing, finding that the imposition of a mandatory sentence was illegal. [The trial court] resentenced [Appellant] to the same sentence, without the mandatory sentence, on July 21, 2016. This sentence was affirmed on August 16, 2017.
>
> In 2017, appointed counsel filed an amended PCRA petition and in 2018 the Commonwealth conceded a sentencing issue on two counts of [EWOC]. On January 2[8], 2019, just before retiring, [the trial jurist] granted a resentencing hearing on the EWOC [convictions] and denied the rest of the PCRA.[2] The case was reassigned to [the current jurist].
>
> Next, counsel for Appellant filed a motion to reconsider, and Appellant filed a *pro se* motion for a **Grazier**[3] hearing. [The PCRA court] granted both motions and ordered Appellant to refile a PCRA [petition] and raise all issues

_____

[1] 18 Pa.C.S.A. §§ 4304(a) and 6301(a)(1), respectively.

[2] Regarding the need for resentencing, the court determined that two (2) counts of EWOC at docket No. 13778 of 2012 were improperly graded as third-degree felonies. Instead, these counts should have been graded as first-degree misdemeanors. (**See** N.T. Resentencing Hearing, 5/4/21, at 2-3; Order Granting PCRA Relief in Part, filed 1/28/19, at 1).

[3] **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998).

therein. Appellant complied and the Commonwealth answered. [The PCRA court] reviewed the record, issued a notice of intent to dismiss the non-sentencing related issues, and scheduled a [resentencing] hearing. Appellant filed motions to amend and to stay, which [the PCRA court] granted. On [August 26], 2020, Appellant filed an amended PCRA [petition]. The Commonwealth responded that claims of ineffective assistance of counsel at claims 1-8 and 10-12 were without merit, and claim 13 of cumulative prejudice was also meritless. Claim 9 is a time credit issue wherein the Commonwealth believes [Appellant] is entitled to three additional days. Appellant had been given credit from 9/12/12-12/18/12, but had not been released from custody until 12/21/12.

(Trial Court Opinion, filed 7/28/21, at 2-3) (some capitalization omitted).

The court conducted Appellant's resentencing hearing on May 4, 2021. At that time, the court resentenced Appellant to terms of one (1) to two (2) years' imprisonment for each of the EWOC convictions that the PCRA court identified as improperly graded. The court ordered these sentences to run consecutive to the sentences for Appellant's remaining convictions, which resulted in an aggregate prison term of twenty-seven (27) to fifty-four (54) years. The court also provided Appellant with credit for all time served. On May 7, 2021, the court dismissed Appellant's remaining PCRA claims.

Appellant filed a *pro se* post-sentence motion on May 17, 2021.[4] In it, Appellant argued that his sentence "was manifestly excessive, unreasonable

_____

[4] Although the post-sentence motion was not docketed until May 17, 2021, the motion included a copy of a "cash slip" indicating that Appellant provided the motion to prison officials for mailing on May 5, 2021. Giving Appellant the benefit of the "prisoner mailbox rule," we deem the filing timely. ***See***
*(Footnote Continued Next Page)*

and [an] abuse of discretion where the court imposed … 27-54 years … of total confinement on a 45-year-old man." (Post-Sentence Motion, filed 5/17/21, at 3). Before the court ruled on the post-sentence motion, Appellant filed a *pro se* notice of appeal on June 1, 2021.[5, 6] Appellant voluntarily filed a *pro se* Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on June 28, 2021.

Appellant now raises two issues for our review:

> The sentencing court abused its discretion when it sentenced Appellant to a manifestly excessive and unreasonable period of twenty-seven to fifty-four years of incarceration.

---

**Commonwealth v. Chambers**, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).

[5] More specifically, Appellant filed separate *pro se* notices of appeal at each underlying docket number from the May 4, 2021 judgments of sentence. Appellant also filed separate *pro se* notices of appeal at each underlying docket number from the order denying PCRA relief. This Court docketed the appeals related to the denial of PCRA relief at 657 and 659 WDA 2021. This Court subsequently consolidated each set of appeals *sua sponte*.

[6] The filing of Appellant's post-sentence motion tolled the thirty-day appeal period. **See** Pa.R.A.P. 720(A). Perhaps unaware of the tolling, Appellant filed the instant notices of appeal before the entry of an order denying the post-sentence motion. The trial court acknowledged this procedural history in its opinion. (**See** Trial Court Opinion at 3). Thereafter, the trial court's opinion considered the claim raised in the post-sentence motion and concluded that Appellant was not entitled to relief. (**See id.** at 7). Under these circumstances, we will treat Appellant's premature notices of appeal as having been filed after the trial court's opinion, which effectively serves as the order denying the post-sentence motion. **See Commonwealth v. Ratushny**, 17 A.3d 1269, 1271 n.4 (Pa.Super. 2011) (treating appellant's premature notice of appeal as having been filed after entry of order denying post-sentence motions, pursuant to Pa.R.A.P. 905).

The sentencing court abused its discretion when it sentenced Appellant to separate sentences for counts ten (10) and eleven (11) and counts thirteen (13) and fifteen (15) from [docket No. 13778 of 2012], counts ten and eleven should have merged and thirteen and fifteen should have merged for sentencing purposes.

(Appellant's Brief at 4).

In his first issue, Appellant claims that his aggregate sentence of twenty-seven (27) to fifty-four (54) years' imprisonment is "so disproportionate as to implicate the fundamental norms which underlie the sentencing process." (*Id.* at 6). Specifically, Appellant argues that his sentence was manifestly excessive and unreasonable considering that his prior record score was zero and he will be on supervision for the rest of his life due to the relevant sex offender registration requirements. Appellant insists that a sentencing court commits an error of law when "a sentence overlooks[s] pertinent facts." (*Id.* at 5). Appellant also notes that "no criminal activity of any kind was alleged in the thirteen years after the allegations that brought Appellant to trial." (*Id.* at 10). As presented, Appellant's issue implicates the discretionary aspects of sentencing. *See Commonwealth v. Lee*, 876 A.2d 408, 411 (Pa.Super. 2005) (stating claim that sentence is manifestly excessive constitutes challenge to discretionary aspects of sentence).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003). Prior to reaching the merits of a discretionary

sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must also invoke the appellate court's jurisdiction by, *inter alia*, including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22 (2002); Pa.R.A.P. 2119(f). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Anderson, supra** at 1018. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001). "An appellant must articulate the reasons the sentencing court's actions violated the

sentencing code," and this Court will not accept bald assertions of sentencing errors. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010).

A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the way the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. ***Mouzon, supra*** at 435, 812 A.2d at 627. A Rule 2119(f) statement does not raise a substantial question if it "does not set forth the specific provision of the Sentencing Code or the fundamental norm underlying the sentencing process that the trial court violated in imposing the sentence." ***Commonwealth v. Trippett***, 932 A.2d 188, 202 (Pa.Super. 2007). "An allegation that the sentencing court failed to consider certain mitigating factors generally does not … raise a substantial question." ***Moury, supra*** at 171. ***See also Commonwealth v. Kane***, 10 A.3d 327, 335-36 (Pa.Super. 2010), *appeal denied*, 612 Pa. 689, 29 A.3d 796 (2011) (stating bald assertion that sentencing court gave inadequate consideration to certain mitigating factors does not raise substantial question).

Instantly, Appellant's assertion that the court gave inadequate consideration to his age, prior record score, or the collateral consequences of his convictions does not raise a substantial question. ***See Moury, supra***. To the extent Appellant's argument might be interpreted as a challenge to the court's imposition of consecutive sentences for certain counts, this also fails to raise a substantial question. ***See id.*** at 171-72 (explaining court has

discretion to impose sentences consecutively or concurrently; imposition of consecutive sentences may raise substantial question in only most extreme circumstances, such as where aggregate sentence is unduly harsh considering nature of crimes and length of imprisonment). Therefore, we decline to disturb the judgment of sentence on the grounds alleged.

In his second issue, Appellant argues the court should have merged the counts of EWOC and corruption of minors for the conduct related to his first victim, and it also should have merged the counts of EWOC and corruption of minors for the conduct related to his second victim. Appellant emphasizes that one act of inappropriate sexual contact formed the basis for all counts related to each victim. Appellant concludes that his sentence is illegal, and this Court must vacate his judgment of sentence and remand for resentencing. We disagree.

Whether crimes merge for sentencing purposes implicates the legality of the sentence. *Commonwealth v. Tanner*, 61 A.3d 1043 (Pa.Super. 2013). Merger of sentences is governed generally by the Sentencing Code, which provides:

> **§ 9765.  Merger of sentences**
>
> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. "[T]he language of the legislature is clear. The only

way two crimes merge for sentencing is if **all** elements of the lesser offense are included within the greater offense." ***Commonwealth v. Coppedge***, 984 A.2d 562, 564 (Pa.Super. 2009) (emphasis in original).

The Crimes Code defines the offense of EWOC as follows:

**§ 4304.  Endangering welfare of children**

**(a)   Offense defined.—**

(1)   A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

(2)   A person commits an offense if the person, in an official capacity, prevents or interferes with the making of a report of suspected child abuse under 23 Pa.C.S. Ch. 63 (relating to child protective services).

(3)   As used in this subsection, the term "person supervising the welfare of a child" means a person other than a parent or guardian that provides care, education, training or control of a child.

18 Pa.C.S.A. § 4304(a).

The Crimes Code defines the offense of corruption of minors as follows:

**§ 6301.  Corruption of minors**

**(a)   Offense defined.—**

(1)(i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of the court, commits a misdemeanor of the first degree.

> (ii)   Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a).

Instantly, an examination of the statutory elements at issue reveals that the offense of EWOC includes a violation of "a duty of care, protection or support," which does not appear in the offense of corruption of minors.  18 Pa.C.S.A. § 4304(a)(1).  **Compare** 18 Pa.C.S.A. § 6301.  Likewise, the offense of corruption of minors includes an element requiring an act that "corrupts or tends to corrupt the morals of any minor," and such element is not included in the offense of EWOC.  18 Pa.C.S.A. § 6301(a)(1)(i).  **Compare** 18 Pa.C.S.A. § 4304.  Thus, EWOC and corruption of minors contain different statutory elements and do not merge for sentencing purposes.  **See** 42 Pa.C.S.A. § 9765; **Coppedge, supra**.  Consequently, Appellant is not entitled to relief on his challenge to the legality of the sentence.  **See Tanner, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/29/2022</u>