**PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3288
_____

LUIS ALBERTO HERNANDEZ-CRUZ,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED
STATES OF AMERICA,
                              Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-239-559)
Immigration Judge:  Hon. Rosalind K. Malloy

Argued: June 24, 2014

Before: FUENTES, GREENAWAY, JR., and NYGAARD,
*Circuit Judges*.

(Opinion Filed:  September 4, 2014)

Jamie Jasso, Esq. **[ARGUED]**
Law Offices of Jaime Jasso
The Westlake Office
P.O. Box 3664
Westlake Village, CA 91359-0664

    *Attorney for Petitioner*

Stuart F. Delery, Esq.
Shelley R. Goad, Esq.
Regina Byrd, Esq.
Katharine E. Clark, Esq. **[ARGUED]**
U.S. Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044

    *Attorneys for Respondent*

    _____

OPINION OF THE COURT
    _____

FUENTES, *Circuit Judge*:

    Luis Alberto Hernandez-Cruz petitions for review of his final order of removal. In his petition to this Court, Hernandez-Cruz argues that his Pennsylvania conviction for child endangerment does not constitute a crime involving moral turpitude ("CIMT") because his statute of conviction "may be violated without implicating conduct that the Board . . . has defined as—inherently base, vile, or depraved."

Petitioner's Br. 10. We agree. Applying the categorical approach, we conclude that the least culpable conduct criminalized under Pennsylvania's child endangerment statute does not implicate moral turpitude. Therefore, we grant the petition for review and remand to the BIA for further proceedings consistent with this opinion.

## I. Factual and Procedural Background

Hernandez-Cruz, a thirty-four year-old citizen of Mexico, entered the United States without inspection in 1998. Eleven years later, he pled guilty in the Court of Common Pleas of Lebanon County, Pennsylvania to simple assault, in violation of 18 Pa. Cons. Stat. Ann. § 2701(a)(1), and endangering the welfare of a child, in violation of 18 Pa. Cons. Stat. Ann. § 4304(a)(1). The charges stemmed from an incident in which Hernandez-Cruz struck his stepson, who was ten years old at the time.

A few months after Hernandez-Cruz's guilty plea, the Department of Homeland Security ("DHS") issued a Notice to Appear, charging that he was removable as an alien present in the United States without being admitted or paroled. *See* Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). DHS later filed additional charges, alleging that Hernandez-Cruz was removable as an alien convicted of a CIMT. *See* INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I). These additional charges were based on his convictions for simple assault and child endangerment. Hernandez-Cruz conceded removability as an alien present in the United States without being admitted or paroled, but denied removability as an alien convicted of a CIMT.

Hernandez-Cruz subsequently applied for cancellation of removal as a nonresident. During his removal proceedings, Hernandez-Cruz testified in support of his application for cancellation of removal and asserted that he believed his United States citizen children would experience exceptional and extremely unusual hardship upon his removal.

The Immigration Judge concluded that Hernandez-Cruz was removable as an alien present in the United States without being admitted or paroled. *See* INA § 212(a)(6)(A)(i). The IJ also held that Hernandez-Cruz was removable as an alien convicted of a CIMT. *See* INA § 212(a)(2)(A)(i)(I). With respect to the latter ground of removability, the IJ determined that Hernandez-Cruz's Pennsylvania conviction for simple assault, in violation of 18 Pa. Cons. Stat. Ann. § 2701(a)(1), was not a CIMT because Pennsylvania's simple assault statute "does not include an aggravating factor." AR 23. However, the IJ held that his conviction for child endangerment, in violation of 18 Pa. Cons. Stat. Ann. § 4304(a)(1), constituted a CIMT because the statute requires "awareness by the accused that his violation of his duty of care, protection and support, is practically certain to result in the endangerment to his children's welfare." AR 24-25.

Having determined that Hernandez-Cruz was convicted of a CIMT, the IJ concluded that Hernandez-Cruz was statutorily ineligible for cancellation of removal and denied his application.[1] The IJ noted, however, that

---

[1] To qualify for cancellation of removal as a nonpermanent resident, an alien must demonstrate that: (A) he has maintained continuous physical presence in the United States for at least ten years before his application for

4

Hernandez-Cruz had successfully established that his removal would result in extreme and unusual hardship to his children, as is required for cancellation of removal. The IJ made clear that, had Hernandez-Cruz not been convicted of a CIMT, "the Court would find that [he] is statutorily eligible for the relief of cancellation of removal, and, as a matter of discretion, would grant [his] application." AR 27.

Hernandez-Cruz appealed the decision to the BIA. In a written opinion, the BIA affirmed the IJ's ruling that Hernandez-Cruz's Pennsylvania simple assault conviction was not a CIMT. The BIA also affirmed the IJ's determination that his Pennsylvania conviction for child endangerment qualified as a CIMT. The BIA agreed with the IJ that, because Hernandez-Cruz had been convicted of a

---

cancellation; (B) he has been a person of good moral character during this same period; (C) he has not been convicted of particular criminal offenses; and (D) his "removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1) (eligibility requirements for nonpermanent residents).

As to the criminal offenses that bar cancellation of removal under INA § 240A(b)(1)(C), a nonpermanent resident applicant must show that he has not been convicted of an offense under INA § 212(a)(2), 8 U.S.C. § 1182(a)(2); INA § 237(a)(2), 8 U.S.C. § 1227(a)(2); or INA § 237(a)(3), 8 U.S.C. § 1227(a)(3). The relevant provision in this case is INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), which renders inadmissible "any alien convicted of . . . a crime involving moral turpitude."

CIMT, he was statutorily ineligible for cancellation of removal. Accordingly, the BIA dismissed Hernandez-Cruz's appeal. Hernandez-Cruz timely filed a petition for review.[2]

## II. Standard of Review

"Where, as here, the BIA issues a written decision on the merits, we review its decision and not the decision of the IJ." *Bautista v. Att'y Gen.*, 744 F.3d 54, 57 (3d Cir. 2014). This Court reviews the BIA's conclusions of law *de novo* subject to the principles of deference set forth in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984). *See Bautista*, 744 F.3d at 58. "*Chevron* teaches us to defer to the BIA's determination that a certain crime involves moral turpitude when that determination is reasonable." *Mehboob v. Att'y Gen.*, 549 F.3d 272, 276 (3d Cir. 2008) (citing *Knapik v. Ashcroft*, 384 F.3d 84, 88 (3d Cir. 2004)). However, we do not accord deference to the BIA's interpretation of criminal statutes. *See Knapik*, 384 F.3d at 88. Rather, we review the agency's interpretation of criminal statutes *de novo*. *See id.*

## III. Legal Background

The INA does not define the term "moral turpitude." However, both the BIA and this Court have defined morally turpitudinous conduct as "conduct that is inherently base, vile, or depraved, contrary to the accepted rules of morality and the duties owed other persons, either individually or to society in general." *Knapik*, 384 F.3d at 89. It is well-settled

---

[2] We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252(a).

that "the hallmark of moral turpitude is a reprehensible act committed with an appreciable level of consciousness or deliberation." *Partyka v. Att'y Gen.*, 417 F.3d 408, 414 (3d Cir. 2005). Additionally, it "is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude." *Totimeh v. Att'y Gen.*, 666 F.3d 109, 114 (3d Cir. 2012) (internal quotation marks omitted).

We apply the categorical approach to determine whether a conviction constitutes a CIMT. *See Jean-Louis v. Att'y Gen.*, 582 F.3d 462, 465-66 (3d Cir. 2009). The categorical approach requires courts to "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.,* the offense as commonly understood." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). In assessing whether a conviction qualifies as a CIMT, we consider hypothetical conduct criminalized under the statute at issue. *See Jean-Louis*, 582 F.3d at 471. Specifically, "we look to the elements of the statutory offense to ascertain the least culpable conduct hypothetically necessary to sustain a conviction under the statute." *Id.* (citing *Partyka*, 417 F.3d at 411). The "possibility of conviction for non-turpitudinous conduct, however remote, is sufficient to avoid removal." *Id.*

## IV. Analysis

The BIA unreasonably concluded that the least culpable conduct punishable under Pennsylvania's child endangerment statute implicates moral turpitude. Under Pennsylvania law, "[a] parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an

7

offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa. Cons. Stat. Ann. § 4304(a)(1). To sustain a conviction under § 4304(a)(1), a defendant must both knowingly endanger the child's welfare and knowingly violate a duty of care. *See Commonwealth v. Retkofsky*, 860 A.2d 1098, 1099-1100 (Pa. Super. Ct. 2004); *Commonwealth v. Chapman*, 763 A.2d 895, 900 (Pa. Super. Ct. 2000).

In its decision below, the BIA held that a conviction under § 4304(a)(1) constitutes a CIMT because the statute's "'knowingly' scienter requirement is coupled with [an] aggravating factor," namely "endangerment to a child with whom the defendant has a special relationship and duty to protect." AR 4. The BIA reasoned that the fact "the offender had to know that the victim was a child whom he was charged to protect" means "the offense reflected the requisite degree of depravity and thus constitutes a CIMT." *Id.* To the contrary, the combination of a knowing mens rea and the violation of a duty of care owed to a child, without anything more, does not necessarily implicate moral turpitude.

While § 4304(a)(1) requires a knowing mens rea, it criminalizes a broad swath of conduct because it "imposes a duty on parents and other caretakers to not risk *any* kind of harm, not just bodily injury, to a minor child in his or her care." *Commonwealth v. Coppedge*, 984 A.2d 562, 563 (Pa. Super. Ct. 2009) (emphasis added). The statute "does *not* require the actual infliction of physical injury. Nor does it state a requirement that the child or children be in imminent threat of physical harm." *Commonwealth v. Wallace*, 817 A.2d 485, 491 (Pa. Super. Ct. 2002). Moreover, Pennsylvania's child endangerment statute even prohibits

8

omissions to act. *See Commonwealth v. Cardwell*, 515 A.2d 311, 315 (Pa. Super. Ct. 1986) ("We conclude that a parent's duty to protect his or her child requires affirmative performance to prevent harm and that failure to act may mean that the parent 'knowingly endangers the welfare of the child.'" (quoting § 4304(a)(1)).

There are countless examples of non-turpitudinous conduct that could be criminalized under § 4304(a)(1). Hernandez-Cruz poses two examples of such conduct. In the first, an individual exceeds the speed limit by 5 mph while transporting a child passenger to whom he owes a duty of care. *See* Reply Br. 5. In the second, an individual slows down, but fails to stop completely at a stop sign, while transporting a child passenger to whom he owes a duty of care. *See id.* at 5-6. In both examples, if the individual acts with a knowing mens rea, the conduct is punishable under § 4304(a)(1) because the individual has knowingly endangered a child's welfare by violating a duty of care. However, neither example involves conduct that is "inherently base, vile, or depraved, contrary to the accepted rules of morality." *See Knapik*, 384 F.3d at 89. Similarly, a father could knowingly endanger his son's welfare and violate his duty of care by leaving his son alone in the car for five minutes. A mother also could knowingly endanger her 10-year-old daughter's welfare and violate her duty of care by leaving her daughter unattended in the swimming pool for ten minutes. Leaving a child alone in the car or unattended in the swimming pool for a few minutes might be poorly advised, but it is not "inherently base, vile, or depraved." *Contra Totimeh*, 666 F.3d at 116 ("Sexual assault, child abuse, and spousal abuse are no doubt inherently vile and elicit strong outrage.").

9

When making a CIMT determination, "proof of actual application of the statute of conviction to the conduct asserted is unnecessary."*Jean-Louis*, 582 F.3d at 471. Nevertheless, it is instructive to consider cases in which Pennsylvania courts have upheld convictions under § 4304(a)(1) in the absence of morally turpitudinous conduct. In *Coppedge*, for example, the Pennsylvania Superior Court sustained a § 4304 conviction based on evidence that a mother scalded her three-year-old daughter in hot bath water, causing the girl to suffer second- and third-degree burns. 984 A.2d at 562. The court in *Coppedge* held that a parent's failure to check the water temperature before placing her child in a bathtub is punishable under § 4304(a)(1), reasoning that "[i]t is impossible to place one's own child in scalding hot bath water . . . without knowingly violating a duty of care by not checking the water before placing the child in the tub." *Id.* at 563. In another case, the Superior Court upheld a § 4304 conviction based on evidence that the defendant allowed his children to live with filth and vermin in a dilapidated home with no working furnace for heat and with water running into the electrical box, thereby creating a fire hazard. *See Wallace*, 817 A.2d at 492. In affirming the conviction, the court explained that the defendant's "inaction clearly endangered his children's welfare." *Id.* Clearly, there is nothing "inherently base, vile, or depraved" about failing to check bath water before placing a child in a tub nor is there anything "inherently base, vile, or depraved" about exposing children to filthy living conditions. *See Knapik*, 384 F.3d at 89.

Because the least culpable conduct necessary to sustain a conviction under § 4304(a)(1) does not implicate moral turpitude, Hernandez-Cruz's child endangerment conviction

does not qualify as a CIMT. The BIA went "beyond the bounds of reasonableness" in concluding otherwise. *See Knapik*, 384 F.3d at 90 (quoting *Franklin v. INS*, 72 F.3d 571, 573 (8th Cir. 1995)). Therefore, we grant Hernandez-Cruz's petition for review and reverse the BIA's CIMT determination. Our grant of the petition directly affects the BIA's ruling with respect to Hernandez-Cruz's eligibility for cancellation of removal, since the BIA held that he was statutorily ineligible for cancellation based on his conviction for a CIMT. Accordingly, we remand the case to the BIA for further proceedings because the Board still needs to address whether Hernandez-Cruz satisfies the other criteria required for cancellation of removal. *See* INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1) (eligibility requirements for nonpermanent residents).

## V. Conclusion

Pennsylvania's child endangerment statute prohibits a broad range of conduct. Since the least culpable conduct punishable under § 4304(a)(1) is not morally turpitudinous, Hernandez-Cruz's child endangerment conviction does not constitute a CIMT. Therefore, we grant the petition for review and remand for further proceedings.