**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2185
_____

VIRGILIO CISNEROS-MAYO,
a/k/a Virgilio Mayo-Cisneros,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A215-590-241)
Immigration Judge: Kuyomars Q. Golparvar
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 5, 2021
Before: MCKEE, SHWARTZ and RESTREPO, Circuit Judges

(Opinion filed: May 25, 2021)
_____

OPINION*
_____

PER CURIAM

Virgilio Cisneros-Mayo petitions for review of an order issued by the Board of

Immigration Appeals (BIA) dismissing his appeal. We will deny the petition.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Cisneros-Mayo, a citizen of Mexico, first entered the United States in 1998, and, with the exception of a one-month period in 2008, remained in the U.S. for a period of nearly 22 years. After being arrested on a DUI charge (and a subsequent simple assault charge), the Department of Homeland Security served him with a Notice to Appear that charged him with being present without being admitted or paroled, in violation of INA § 212(a)(6)(A)(i). Cisneros-Mayo conceded that charge and filed an application for cancellation of removal under INA § 240A(b)(1). The Government moved to pretermit the application, arguing that Cisneros-Mayo's prior conviction for making an unsworn falsification to authorities under 18 Pa. Cons. Stat. § 4904(a) constituted a crime involving moral turpitude (CIMT) under a 2006 BIA precedential decision. See In re Jurado-Delgado, 24 I. & N. Dec. 29, 35 (BIA 2006) (holding that a conviction under section 4904(a) for unsworn falsification to authorities qualifies as a CIMT); pet. for rev. denied sub. nom., Jurado-Delgado v. Att'y Gen., 498 F. App'x 107 (3d Cir. 2009) (non-precedential).

The Immigration Judge (IJ) agreed with the Government's interpretation, granted its motion to pretermit, and denied the cancellation application. A single-member panel of the BIA adopted and affirmed the IJ's decision and dismissed petitioner's appeal. It declined to revisit the Jurado-Delgado decision and rejected petitioner's other arguments. Cisneros-Mayo filed a timely petition for review.

This Court has jurisdiction over the petition for review under 8 U.S.C. § 1252(a). We review de novo the BIA's decision regarding constitutional claims and questions of

2

law, including the BIA's interpretation of state or federal criminal laws.[1]  See Hernandez-Cruz v. Att'y Gen., 764 F.3d 281, 284 (3d Cir. 2014); Knapik v. Ashcroft, 384 F.3d 84, 88 (3d Cir. 2004).  Our decisions describe the requisite "morally turpitudinous" conduct for a CIMT as an act that is "inherently base, vile, or depraved," and state that "the hallmark of moral turpitude is a reprehensible act committed with an appreciable level of consciousness or deliberation."  Hernandez-Cruz, 764 F.3d at 284-85 (citations and internal quotation marks omitted).

To determine whether a petitioner's conviction qualifies as a CIMT, the Court uses the categorical approach.  See Mahn v. Att'y Gen., 767 F.3d 170, 174 (3d Cir. 2014).  That approach requires us to focus on the underlying criminal statute and the record of conviction, not the petitioner's conduct.  See Knapik, 384 F.3d at 88.  The Court considers whether "the least culpable conduct necessary to sustain a conviction under the statute" would still qualify as a CIMT.  Partyka v. Att'y Gen., 417 F.3d 408, 411 (3d Cir. 2005).

Here, petitioner was convicted of violating 18 Pa. Cons. Stat. § 4904(a)(3), which provides that "[a] person commits a misdemeanor of the second degree if, with intent to

---

[1] To the extent that the BIA was interpreting a statute or resolving a question of law, the non-precedential disposition issued by a single member is not entitled to deference under the doctrine explained in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984).  See Mahn v. Att'y Gen., 767 F.3d 170, 173 (3d Cir. 2014).  As we noted in Gourzong v. Attorney General, 826 F.3d 132, 136 & n.2 (3d Cir. 2016), it is unsettled whether we owe any deference to a single member panel's interpretation of prior BIA precedent; however, as in that case, we need not reach the issue because even under de novo review we agree with the single-member panel's interpretations in this case.

mislead a public servant in performing his official function, he . . . submits or invites reliance on any sample, specimen, map, boundary mark, or other object which he knows to be false."[2]  In Jurado-Delgado, the BIA considered section 4904(a)'s "intent to mislead" to be "the controlling factor" in its ruling and sufficient to find that the offense was a CIMT.  24 I. & N. Dec. at 35.  (This Court concurred in a non-precedential opinion.  See Jurado-Delgado, 498 F. App'x at 112-13.)  Although it would appear that Jurado-Delgado involved one of two other subparts of section 4909(a) and not (3), this is of little consequence because the "intent to mislead" clause precedes all subparts and, accordingly, it is a requisite element for all.  Crucially, all convictions under the statute would therefore involve both some fraudulent conduct and a specific intent to mislead.

The Courts of Appeals that have considered the issue agree that a conviction qualifies as a CIMT when the precise factors identified in Jurado-Delgado—that is, the crime involves both deception and a specific intent to harm or obtain a benefit at the government's expense—are present.[3]  This Court's most recent decision addressing a

---

[2] Petitioner has acknowledged that he was convicted under subsection (a)(3), and the evidence in the record (a docket sheet) supports that conclusion.  See A.R. at 126, 242; 8 C.F.R. § 1240.8(d) (explaining that the petitioner carries the burden of establishing he was eligible for relief, but "[i]f the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply").

[3] See Mendez v. Mukasey, 547 F.3d 345, 347 (2d Cir. 2008) (reinforcing proposition that intent of fraud, not materiality of statement, is key to CIMT determination); Nunez-Vasquez v. Barr, 965 F.3d 272, 280 (4th Cir. 2020) (acknowledging Jurado-Delgado line of precedent requiring intent to deceive government but distinguishing case on the facts); see also Flores-Molina v. Sessions, 850 F.3d 1150, 1163-64 (10th Cir. 2017) (discussing three types of deceit-related offenses that the BIA has identified as CIMTs, including the Jurado-Delgado type containing specific intent to harm and a deception).

similar Pennsylvania statute harmonizes with these principles. See Ildefonso-Candelario v. Att'y Gen., 866 F.3d 102, 105 (3d Cir. 2017) (discussing 18 Pa. Cons. Stat. § 5101, which prohibits intentional obstruction of government function by force, violence, or other unlawful act, among other things). In Ildefonso-Candelario, we distinguished Jurado-Delgado because section 4904 requires the intent to mislead, versus the "mere" intent to obstruct in section 5101. Id. We concluded that the intent to obstruct government functions by itself could not be a CIMT, but that the obstruction had to occur "by deceit, graft, trickery, or dishonest means." Id. (quoting Jurado-Delgado, 24 I. & N. Dec. at 35). While we were not called upon in that case to explicitly adopt or reject the rule of Jurado-Delgado, we did not express any doubt about the rule's validity and stated that our "understanding of the BIA's precedents and the definition of moral turpitude accords with other Circuits that have addressed statutes involving obstruction, perjury, or false statements." Id. at 105 n.4. And that rule is dispositive in this case.

For these reasons, we agree with the BIA that petitioner's conviction under section 4904(a)(3) constitutes a CIMT. We have considered the additional arguments petitioner has made on appeal, but none is availing. In particular, upon review, we agree with the BIA that petitioner did not suffer a due process violation during his proceedings. We discern no evidence of bias of the IJ from the administrative record, nor has petitioner demonstrated "substantial prejudice" resulting from any alleged error. See Delgado-Sobalvarro v. Att'y Gen., 625 F.3d 782, 787 (3d Cir. 2010).

We will deny the petition for review.

5