PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1273
_____

VICTOR SASAY, a/k/a Victor Sesay, a/k/a Hermes Herrera-
Cuba,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF
AMERICA

_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(A058-985-272)
Immigration Judge: Audra Behne
_____

Argued September 22, 2020

Before:  SMITH, *Chief Judge*, McKEE, and JORDAN *Circuit
Judges*

(Opinion filed: September 10, 2021)
_____

Benjamin J. Osorio, Esq.
Murray Osorio
4103 Chain Bridge Road
Suite 300
Fairfax, VA 22030

Mark A. Stevens, Esq.                    [ARGUED]
Clark Hill
1001 Pennsylvania Avenue N.W.

Suite 1300 South
Washington, DC 20004
        *Counsel for Petitioner*


Joseph H. Hunt, Assistant Attorney General
Cindy S. Ferrier, Assistant Director
Joseph A. O'Connell, Esq.            [ARGUED]
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
        *Counsel for Respondent*

_____

OPINION

_____

McKEE, *Circuit Judge.*

Victor Sasay petitions for review of the Board of Immigration Appeals' ruling that his conviction for aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) is a crime involving moral turpitude ("CIMT"), thus making him removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii). Sasay asserts that aggravated identity theft is not a CIMT because it only criminalizes possession of another person's identity documents and does not require the use or the intent to use the documents. For the reasons that follow, we will deny the petition for review.

## I.
## A.    Factual and Procedural History

Victor Sasay is a native and citizen of Sierra Leone. He was admitted to the United States as a lawful permanent resident in 2007. In 2015, he was convicted of misdemeanor credit card fraud under Virginia law[1] and sentenced to 175 days' imprisonment.[2] In 2018, he was convicted in South

_____

[1] Va. Code § 18.2-195(3).
[2] **Appx. at 5–6.**

2

Dakota of aiding and abetting aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and sentenced to 24 months' imprisonment.[3] That conviction is the one at the center of this dispute. It resulted from Sasay and his co-defendants purchasing credit card numbers online and using counterfeit access devices to acquire hundreds of credit and debit cards from multiple stores across the Midwest.[4]

A noncitizen, lawful permanent resident is removable when she or he is convicted of "two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct."[5] The Department of Homeland Security concluded that both of Sasay's convictions were CIMTs and that they arose from separate criminal schemes. Accordingly, DHS initiated removal proceedings. Sasay applied for several forms of relief including asylum, withholding of removal, protection under the Convention Against Torture, and cancellation of removal.[6]

---

[3] *Id.* **at 6.** Although Sasay was convicted of aiding and abetting aggravated identity theft as opposed to aggravated identity theft, we treat the commission of those crimes the same when considering whether a criminal offense is a CIMT. *See* 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal."); *Matter of F-*, 6 I. & N. Dec. 783, 785 (BIA 1955) ("While the legal distinction between principal and accessory remains, an accessory before the fact is punishable in the same fashion as the principle by reference to the definition of the substantive offense and the penalty so imposed by the statute." (citations omitted)). We will therefore refer to Sasay's conviction as one of aggravated identity theft.

[4] **A.R. at 755.** For the reasons we discuss below, we can consider his plea agreement.

[5] INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii). *See Smith v. Att'y Gen.*, 983 F.3d 1206 (11th Cir. 2020).

[6] Sasay did not appeal the denial of asylum, withholding of removal, or protection under the Convention Against Torture to the Board of Immigration Appeals. Sasay appealed the Immigration Judge's denial of cancellation of removal to the BIA, but he did not raise cancellation before this Court. Appx. at 5 n.1; *see also* Petitioner's Br. at 8.

Applying the so-called "categorical approach," the Immigration Judge concluded that both of Sasay's convictions were disqualifying CIMTs which did not arise from a single scheme. The IJ reasoned that Sasay's conviction for aggravated identity theft in violation of § 1028A(a)(1) satisfied the definition of a CIMT because it requires one to act knowingly and it also requires one to act with fraudulent intent or deceit.[7]

On appeal to the Board of Immigration Appeals, Sasay conceded that his Virginia conviction constituted a CIMT and that his two convictions did not arise from a single scheme. However, he argued that his conviction for violating 18 U.S.C. § 1028A(a)(1) did not constitute a CIMT because the statute "is categorically overbroad and indivisible, as the minimum conduct required for a conviction under the statute is the mere possession of someone else's documents without lawful authority."[8]

The BIA affirmed the IJ's decision that Sasay had committed two qualifying CIMTs. The BIA concluded that § 1028A(a)(1) "require[d] that the possession be 'during and in relation to any felony violation enumerated in subsection (c),' such that there must be proof of an intent to use the identification unlawfully (and, indeed, feloniously)."[9] It held that "all conduct criminalized by this statute necessarily involved dishonesty as an essential element."[10] This petition for review followed. Although we reject the BIA's interpretation of § 1028A(a)(1), we will deny the petition and hold that Sasay's aggavated identify theft conviction is a CIMT. In doing so, we apply the modified categorical approach, consulting his plea agreement to ascertain which alternative element—or here, which alternative felony violation—formed the basis of his conviction. Sasay's plea agreement readily establishes that his conviction has as an element the commission of bank fraud, in violation of § 18 U.S.C. § 1344. Because bank fraud categorically qualifies as a

---

[7] **A.R. at 678.**

[8] Appx. at 6 (internal citations and quotations omitted).

[9] *Id.* (quoting 18 U.S.C. § 1028A(a)(1)).

[10] *Id.*

CIMT, so too must Sasay's aggravated identity theft conviction.

## B. Jurisdiction and Standard of Review

We have jurisdiction to review the BIA's final removal order pursuant to 8 U.S.C. § 1252(a). There are statutory exceptions to our jurisdiction to review final removal orders of people convicted of a CIMT under § 1252(a)(2)(C). However, they do not apply here because Sasay raises a question of law under the § 1252(a)(2)(D) exception to (a)(2)(C).

When "the BIA issues a written decision on the merits, we review its decision and not the decision of the IJ."[11] We defer to the BIA's definition of moral turpitude and whether a crime can be categorized as a CIMT, as long as its determination is reasonable and "based on a permissible interpretation of the immigration statute."[12] However, unpublished, non-precedential, BIA decisions issued by a single member panel are not entitled to such deference.[13] Our review of the BIA's interpretation of criminal statutes is *de novo*.[14]

## II.    DISCUSSION

"A noncitizen is removable from the United States if he has been 'convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct.'"[15] Sasay concedes that his conviction under Virginia law qualifies but argues that his conviction under 18 U.S.C. § 1028A(a)(1) does not.

---

[11] *Hernandez-Cruz v. Att'y Gen.*, 764 F.3d 281, 284 (3d Cir. 2014) (quoting *Bautista v. Att'y Gen.*, 744 F.3d 54, 57 (3d Cir. 2014)).

[12] *Larios v. Att'y Gen.*, 978 F.3d 62, 67 (3d Cir. 2020) (quoting *Mehboob v. Att'y Gen.*, 549 F.3d 272, 275 (3d Cir. 2008) (internal quotations omitted)).

[13] *Mahn v. Att'y Gen.*, 767 F.3d 170, 173 (3d Cir. 2014).

[14] *Hernandez-Cruz*, 764 F.3d at 284.

[15] *Smith*, 983 F.3d at 1210 (quoting 8 U.S.C. § 1227(a)(2)(A)(ii)).

The Supreme Court has instructed that we must apply the so-called "categorical approach" to determine if a given crime is a CIMT. That approach requires that we ignore a petitioner's actual conduct and instead "focus[] on the legal question of what a conviction *necessarily* establishe[s]."[16] This approach is, the Court has said, "[r]ooted in Congress' specification of conviction, not conduct, as the trigger for immigration consequences, [and] is [therefore] suited to the realities of the [immigration] system."[17]

To apply the categorical approach, we first review "elements of the statute forming the basis of the defendant's conviction,"[18] in order "to ascertain the least culpable conduct hypothetically necessary to sustain a conviction under the statute."[19] We then consider whether that conduct "fall[s] within the scope of the 'crime involving moral turpitude' offense."[20] Sometimes, however, "[t]he simple fact of conviction may not provide enough information to determine whether" a defendant's conviction is a CIMT.[21] Specifically, when a statute is divisible, meaning it "sets out one or more elements of the offense in the alternative,"[22] that statute effectively creates several different crimes.[23] And if some but not all of the divisible statute's alternative crimes qualify as a CIMT, then "a court must determine which crime formed the basis of the defendant's conviction" using the modified categorical approach.[24]

Under the modified approach, we may "consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's . . . conviction."[25] "[We] can then do what the categorical approach demands: compare

---

[16] *Mellouli v. Lynch*, 575 U.S. 798, 806 (2015) (emphasis in original).

[17] *Id.*

[18] *Descamps v. United States*, 570 U.S. 254, 257 (2013).

[19] *Jean-Louis v. Att'y Gen.*, 582 F.3d 462, 471 (3d Cir. 2009).

[20] *Id.* at 482 (citation omitted).

[21] *United States v. Gibbs*, 656 F.3d 180, 186 (3d Cir. 2011).

[22] *Descamps*, 570 U.S. at 257.

[23] *Id.* at 263-64.

[24] *Id.* at 263; *see also Gibbs*, 656 F.3d at 187.

[25] *Descamps*, 570 U.S. at 254.

the elements of the crime of conviction (including the alternative element used in the case) with the generic" definition of the removable offense.[26] When properly applied, this modified categorical approach "acts not as an exception, but instead a tool."[27]

The modified approach clearly applies to § 1028A because it incorporates several felonies enumerated in subsection (c).[28] Those felonies represent alternative elements

---

[26] *Id.* at 257.

[27] *Id.* at 263.

[28] A "felony violation enumerated in subsection (c)" includes any offense in violation of--

(1) section 641 (relating to theft of public money, property, or re[co]rds), section 656 (relating to theft, embezzlement, or misapplication by bank officer or employee), or section 664 (relating to theft from employee benefit plans);

(2) section 911 (relating to false personation of citizenship);

(3) section 922(a)(6) (relating to false statements in connection with the acquisition of a firearm);

(4) any provision contained in this chapter (relating to fraud and false statements), other than this section or section 1028(a)(7);

(5) any provision contained in chapter 63 (relating to mail, bank, and wire fraud);

(6) any provision contained in chapter 69 (relating to nationality and citizenship);

(7) any provision contained in chapter 75 (relating to passports and visas);

(8) section 523 of the Gramm-Leach-Bliley Act (15 U.S.C. 6823) (relating to obtaining customer information by false pretenses);

(9) section 243 or 266 of the Immigration and Nationality Act (8 U.S.C. 1253 and 1306) (relating to willfully failing to leave the United States after deportation and creating a counterfeit alien registration card);

for an aggravated identity theft conviction because a jury could not convict a defendant under § 1028A(a)(1) without finding each element of the underlying felony violation and unanimously agreeing on that violation as the predicate felony for an aggravated identify theft conviction.[29]  Accordingly, § 1028A is divisible and we must use the modified categorical approach.

This approach permits us to consult Sasay's plea agreement to ascertain which alternative element of a crime he committed.  It is clear from that agreement that this plea includes admission to conduct constituting the predicate felony of bank fraud—an undeniable CIMT and a crime specifically enumerated in § 1028A(c)(5).[30]  That, by itself is sufficient to support the BIA's ruling that Sasay's 1028A(a)(1) conviction constituted a CIMT because it requires fraudulent intent.  The Supreme Court's pronouncement more than half a century ago that "[f]raud is the touchstone by which this case should be judged"[31] ends our inquiry.  Although the Court was there addressing a different statute, it was nevertheless intepreting

---

> **(10)** any provision contained in chapter 8 of title II of the Immigration and Nationality Act (8 U.S.C. 1321 et seq.) (relating to various immigration offenses); or
> **(11)** section 208, 811, 1107(b), 1128B(a), or 1632 of the Social Security Act (42 U.S.C. 408, 1011, 1307(b), 1320a-7b(a), and 1383a) (relating to false statements relating to programs under the Act).

[29] *See Richardson v. United States*, 526 U.S. 813, 817-22 (1999) ("A 'violation' is not simply an act or conduct; it is an act or conduct that is contrary to law. That circumstance is significant because the criminal law ordinarily entrusts a jury with determining whether alleged conduct 'violates' the law." (citation omitted)); *see also Gibbs*, 656 F.3d at 186-88.

[30] A.R. at 755-56. A person is guilty of bank fraud if he: "knowingly executes, or attempts to execute, a scheme or artifice--(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution." 18 U.S.C. § 1344.

[31] *Jordan v. De George*, 341 U.S. 223, 232 (1951).

the phrase "crime involving moral turpitude." The Court there held: "[t]he phrase 'crime involving moral turpitude' has without exception been constructed to embrace fraudulent conduct."[32]

As noted earlier, Sasay claims his conviction does not amount to a CIMT because under the broad reach of § 1028A(a)(1), he could be convicted of "mere possession of someone else's identity document without lawful authority."[33] According to him, a statute that criminalizes mere unauthorized possession of documents cannot be morally turpitudinous. The argument lacks even superficial appeal.

The statute does not criminalize mere possession of certain items. His argument to the contrary ignores that the more exacting statutory language requires that such unauthorized possession be "during and in relation to any felony" enumerated in subsection (c) of the statute. That means that Sasay's unauthorized possession of documents *aided and abetted* certain felonies specifically listed in subsection (c) by possessing the documents.

Sasay argues that we must ignore his specific conduct because this statute is indivisible and therefore the categorical approach applies. He then argues the minimum conduct criminalized by § 1028A(a)(1) is the mere possession of an unauthorized identity document, which cannot be a CIMT. As we have just explained, the statute does not criminalize "mere" possession or transfer. Rather, the possession and transfer must be in relation to an enumerated felony. It is therefore consequential that he admitted that his possession was fraudulent during his plea colloquy, and he also admitted to bank fraud.

**A.**

Section 1028A(a)(1) criminalizes transfer, use, or possession in conjuction with one of the eleven categories of crimes listed in subsection (c). The enumerated offenses relevent to Sasay are included in (c)(5) and (c)(7), which refer to offenses in violation of "(5) any provision contained in

---

[32] *Id.*

[33] Petitioner Br. at 8.

chapter 63 (relating to mail, bank, and wire fraud); . . . [and] (7) any provision contained in chapter 75 (relating to passports and visas) . . . ."[34]

In *Matter of Serna*, the BIA found that *possession* of an altered identity document in violation of 18 U.S.C. § 1546 (a crime also enumerated in subsection (c)(7)) was not a CIMT. [35] Sasay seizes on that here, just as he did before the BIA. The BIA properly distinguished *Matter of Serna*. The asylum petitioner there had been convicted of possession of an altered immigration document in violation of § 1546,[36] and Sasay correctly notes that that statute is included in the offenses specified in subsection (c) as a predicate offense to violating § 1028A(a)(1).[37] However, the analogy ends there. As the BIA recognized, one can violate § 1546 simply by knowingly possessing altered immigration documents and the statute does not require that possession be accompanied by the intent to defraud or another crime involving moral turpitude. As we have already explained, Sasay's conviction under § 1028A(a)(1) is different because it required that his possession was during and in relation to the predicate felony of bank fraud.

Sasay also points to several other BIA decisions as well as decisions by other Circuit Courts of Appeals "involving

---

[34] 18 U.S.C. § 1028A(c).

[35] *Matter of Serna*, 20 I. & N. Dec. 579 (BIA 1992).

[36] The relevant part of the statute states:

> Whoever knowingly forges, counterfeits, alters, or falsely makes any immigrant or nonimmigrant visa, permit, or other document required for entry into the United States, or utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, or document, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained ... [s]hall be fined not more than $2,000 or imprisoned not more than five years, or both.

18 U.S.C. § 1546. *See Matter of Serna*, 20 I&N Dec. at 853.

[37] Section 1546 falls in to § 1028A(c)(7) as a provision of chapter 75 (relating to passports and visas).

dishonesty," which were found not to be CIMTs.[38]  The authorities he relies upon, like *Matter of Serna,* are all distinguishable for the reason we just explained.  Essentially, Sasay's argument requires that we read "during and in relation to any felony . . ." out of § 1028A.  We refuse to do that.

### III. Conclusion

For the reasons set forth above, this petition for review must be resolved using the modified categorical approach.  We therefore consider that Sasay pled guilty to violating §1028A with the predicate felony of bank fraud and therefore convicted of a CIMT.  Since this conviction is Sasay's second CIMT, the

[38] Petitioner's Br. at 24. *See Notash v. Gonzales*, 427 F.3d 693, 696-700 (9th Cir. 2005) (finding Petitioner's conviction in violation of 18 U.S.C. § 542 was not a categorical CIMT and the government failed to establish a CIMT under the modified categorical approach); *In re Zangwill*, 18 I. & N. Dec. 22, 28 (BIA 1981) (finding passing bad checks with knowledge of insufficient funds in violation of Florida state law to not be a CIMT because conviction does not require showing intent to defraud); *Beltran-Tirado v. INS*, 213 F.3d 1179, 1183-85 (9th Cir. 2000) (finding false attestation on an I-9 form in violation of 18 U.S.C. 1546(b)(3) and use of a false social security number in violation of 42 U.S.C. 408(a)(7)(B) to not be CIMTs and not inherently wrong acts); *Bobadilla v. Holder*, 679 F.3d 1052, 1058 (8th Cir. 2012) (finding the petitioner's conviction of false identification to a police officer in violation of Minnesota state law to not be a CIMT when applying the modified categorical approach); *Flores-Molina v. Sessions*, 850 F.3d 1150, 1167–69 (10th Cir. 2017) (finding giving false information to an official during an investigation in violation of a city ordinance to not be a CIMT because the statement does not have to be material nor does it have to be given with the intent to cause harm or obtain benefit); *Matter of S-*, 2 I&N Dec. 353 (BIA, A.G. 1945) (finding knowingly making false statements – not amounting to perjury, on an immigrant  registration application – is not a CIMT); and *Rivera v. Lynch*, 816 F.3d 1064, 1079 (9th Cir. 2016) (finding written perjury in violation of California law is not a CIMT applying the modified categorical approach).

BIA did not err in concluding that he is removable under 8 U.S.C. § 1227 (a)(2)(A)(ii).

For the reasons we have discussed, Sasay's petition for review will be denied.