**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1242
_____

DEURY PLASENCIA PLASENCIA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A064-175-092)
Immigration Judge: Kuyomars Q. Golparvar
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 27, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, Circuit Judges

(Opinion filed July 28, 2023)
_____

OPINION[*]
_____

PER CURIAM

     Deury Plasencia petitions for review of an order of the Board of Immigration

Appeals (BIA) dismissing his appeal.  We will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Plasencia is a citizen of the Dominican Republic. He entered the United States in 2015 as a lawful permanent resident. In 2017, he was convicted of receiving stolen property in violation of 18 Pa. Cons. Stat. Ann. § 3925(a). The Department of Homeland Security served him with a Notice to Appear charging him with having been convicted of a crime involving moral turpitude (CIMT) for which a sentence of a year or more could be imposed, within five years of his admission to the United States. See 8 U.S.C. § 1227(a)(2)(A)(i). Plasencia, proceeding pro se, conceded the charge and an Immigration Judge (IJ) sustained it, but Plasencia later moved to terminate removal proceedings by challenging the CIMT charge.[1] The IJ rejected his arguments, denied the motion and other relief, and ordered him removed to the Dominican Republic. The BIA agreed that Plasencia's conviction constituted a CIMT, affirmed the denial of relief, and dismissed the appeal. Plasencia timely petitioned for review.

We have jurisdiction over Plasencia's petition under 8 U.S.C. § 1252(a). We review de novo the BIA's legal determinations, which include its interpretation of state criminal laws and analysis of constitutional issues. See Hernandez-Cruz v. Att'y Gen., 764 F.3d 281, 284 (3d Cir. 2014); Mehboob v. Att'y Gen., 549 F.3d 272, 275 (3d Cir. 2008). Our decisions describe the requisite "morally turpitudinous" conduct for a CIMT as an act that is "inherently base, vile, or depraved," and state that "the hallmark of moral

---

constitute binding precedent.

[1] He also sought asylum, withholding of removal, and protection under the Convention Against Torture, but he has forfeited any challenges to the denial of that relief because he

2

turpitude is a reprehensible act committed with an appreciable level of consciousness or deliberation." Hernandez-Cruz, 764 F.3d at 284-85 (citations and internal quotation marks omitted).

We use the categorial approach to determine whether a petitioner's conviction qualifies as a CIMT. See Mahn v. Att'y Gen., 767 F.3d 170, 174 (3d Cir. 2014). This requires an examination of the relevant criminal statute and the record of conviction, not the petitioner's conduct. See id. We must consider whether "the least culpable conduct necessary to sustain a conviction under the statute" would still qualify as a CIMT. Partyka v. Att'y Gen., 417 F.3d 408, 411 (3d Cir. 2005).

Plasencia conceded that he was convicted of the crime of receiving stolen property under 18 Pa. Cons. Stat. Ann. § 3925(a).[2] We have twice held in precedential opinions that a conviction under that statutory provision amounts to a CIMT. See De Leon-Reynoso v. Ashcroft, 293 F.3d 633, 637 (3d Cir. 2002); Smriko v. Ashcroft, 387 F.3d 279, 283 (3d Cir. 2004). Although De Leon-Reynoso and Smriko preceded the U.S. Supreme Court's line of cases which more fully articulated the categorical approach like Moncrieffe v. Holder, 569 U.S. 184 (2013), we nonetheless adhered to the same guiding criteria of the categorical approach in those cases. We analyzed whether a conviction for

_____

did not raise them in his opening brief. In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016).
[2] The statute provides that "[a] person is guilty of theft if he intentionally received, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." § 3925(a).

3

§ 3925(a) was a CIMT by looking to the statute and record of conviction, and not by considering the petitioner's particular conduct supporting the conviction. Smriko, 387 F.3d at 283. We found that a conviction for receiving stolen property under § 3925(a) "'speak[s] . . . to the honesty of a person,'" and thus constituted a CIMT. Id. (quoting De Leon-Reynoso, 293 F.3d at 637). The holdings of De Leon-Reynoso and Smriko continue to govern here.

On appeal, Plasencia claims that Pennsylvania courts have applied § 3925(a) in a manner criminalizing behavior that would not qualify as a CIMT. First, he argues that some Pennsylvania courts have applied a lower mens rea threshold to convict for § 3925(a), with a mere "reason to believe" that property was stolen. But we rejected this argument in De Leon-Reynoso, and we recently reaffirmed that the statutory language of § 3925(a) requires subjective knowledge. See Barradas Jacome v. Att'y Gen., 39 F.4th 111, 123-24 (3d Cir. 2022) (holding that a conviction for receiving stolen property under § 3925(a) constitutes an aggravated felony), cert. denied 2023 WL 3158362 (May 1, 2023). Likewise, Barradas Jacome answers the question raised by Plasencia's argument that the statute does not require an intent to permanently deprive: it does. See id. at 124-25 (noting that the Pennsylvania Superior Court has "consistently held that intent to deprive permanently is an element of receiving stolen property" (cleaned up)).

Finally, Plasencia argues that 18 Pa. Cons. Stat. Ann § 3902, which provides in part that "[c]onduct denominated theft in this chapter constitutes a single offense,"

4

requires § 3925(a) to be considered as part of a "single indivisible offense" for theft, and that it is thus "overly board and contains non-turpitudinous conduct." Pet'r's Opening Br. at 9. Again, Plasencia's argument echoes that of the petitioner in <u>Barradas Jacome</u>. In that case we explained that § 3902 does not change the elements of the separate theft offenses, and it certainly does not allow the state to prosecute a § 3925 charge by proving elements of other theft offenses. 39 F.4th at 124. Section 3902 "permits the Commonwealth to present evidence supporting theft 'committed in any manner . . . under this chapter,' even if the initial complaint or indictment specified a different theft crime." <u>Id.</u> (quoting § 3902). Plasencia admitted that he was prosecuted for and convicted of receiving stolen property under § 3925, which we have ruled is a CIMT. Thus, Plasencia's argument is meritless.

Accordingly, we will deny the petition for review.